UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rico Isaih Hairston,	Case No. 3:19-cv-1042

    Plaintiff,

v.

                                        MEMORANDUM OPINION
                                        AND ORDER

Pettiway, et al.,

    Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Rico Isaih Hairston, proceeding *pro se*, filed suit against three correctional officers at the Toledo Correctional Institution ("ToCI") in Toledo, Ohio – Pettiway, a captain who was assigned to the mailroom as a supervisor and Bias and Manichan, who were guards assigned to sort and inspect mail at ToCI.[1] (Doc. No. 4 at 2). Hairston alleges that, on five occasions in between December 2018 and June 2019, his legal mail was opened by ToCI staff members outside of his presence. (*Id.* at 2-6). He asserts claims under 42 U.S.C. § 1983 for the alleged violation of his rights under the First, Fourth, and Fourteenth Amendments.

Hairston has filed a motion for default judgment, (Doc. No. 9), and a motion for mediation. (Doc. No. 15). Defendants oppose both motions. (Doc. No. 13 and 16). Defendants filed a motion to vacate Hairston's in forma pauperis ("IFP") status, (Doc. No. 12), and a motion to

---

[1] Hairston subsequently dismissed Manichan as a defendant. (Doc. No. 5).

dismiss for failure to state a claim. (Doc. No. 14). Hairston did not file a brief in response to either of Defendants' motions and the deadline for response has passed.

For the reasons stated below, I grant Defendants' motion to vacate, deny Defendants' motion to dismiss and Hairston's motion for mediation without prejudice, and deny Hairston's motion for default judgment.

## II. ANALYSIS

### A. MOTION FOR DEFAULT JUDGMENT

Rule 55, which governs the entry of default judgments, includes a two-step process. In the first step – entry of default – the clerk's office must enter a party's default "[w]hen [the] party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).

Hairston filed his complaint on May 9, 2019, his amended complaint on June 24, 2019, and his motion for default judgment on February 18, 2020. While it is true Defendants had not filed an answer to either the complaint or the amended complaint before Hairston filed his motion for default judgment, this was because they were not served with either of Hairston's complaints until nine days after Hairston filed his default judgment motion. (*See* Doc. No. 11). Thus, Defendants' response to Hairston's complaint was not yet due. Fed. R. Civ. P. 12(a)(1)(A). ("A defendant must serve an answer within 21 days after being served with the summons and complaint.").

Therefore, Defendants were not in default and Hairston is not entitled to a default judgment. I deny his motion. (Doc. No. 9).

### B. MOTION TO VACATE IFP STATUS

In certain circumstances, federal law permits a prisoner to proceed with litigation without prepaying the full amount of a filing fee if the prisoner demonstrates he is unable to pay that fee at the time the prisoner commences litigation. 28 U.S.C. § 1915(a)(1). There is an exception to this

rule, however: "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In order to fulfill the "imminent danger" exception, the allegations contained in a pro se plaintiff's complaint must identify a "threat or prison condition [which is] . . . real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). The pro se plaintiff must make a short and plain statement that, when liberally construed, alleges "a presently existing, continuing imminent danger." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). Allegations that the plaintiff faced danger in the past are insufficient to invoke the imminent danger exception. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted).

Hairston previously has filed at least three cases which were dismissed for failure to state a claim for which relief could be granted. *See Hairston v. Daily*, No. 2:18-CV-952, 2018 WL 6437421 (S.D. Ohio Dec. 7, 2018) (denying Hairston's IFP application and ordering him to pay the entire filing fee). *See also Hairston v. Emeaghara*, No. 2:18-cv-951 (S.D. Ohio); *Hairston v. Harris*, No. 2:17-cv-421 (S.D. Ohio); and *Hairston v. Franklin County Court of Common Pleas of the City of Columbus*, No. 2:17-cv-362 (S.D. Ohio). Further, Hairston's allegations do not implicate the imminent danger exception. (*See* Doc. No. 1 and 4).

I conclude, consistent with 28 U.S.C. § 1915(g), that Hairston may not proceed in forma pauperis because he has had at least three case dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief could be granted, and because he fails to establish he was under imminent danger of serious physical injury at the time he filed his complaint.

Therefore, I vacate the order granting leave to proceed in forma pauperis, (Doc. No. 7), and order Hairston to pay the full amount of the filing fee before proceeding.

I deny without prejudice Defendants' motion to dismiss; Defendants may refile the motion after Hairston complies with his fee-payment obligations.

Finally, in light of my order vacating Hairston's IFP status, I conclude Hairston's motion for mediation is premature and also deny that motion without prejudice.

### III.  CONCLUSION

For the reasons stated above, I deny Hairston's motion for default judgment.  (Doc. No. 9). I deny without prejudice Defendants' motion to dismiss, (Doc. No. 14), and Hairston's motion for mediation.  (Doc. No. 15).

I grant Defendants' motion to vacate Hairston's in forma pauperis status.  (Doc. No. 12). Hairston shall pay the full filing fee of $350, minus any amounts paid to date, within 30 days of the date of the entry of this Memorandum Opinion and Order.  If Hairston fails to pay the filing fee within the 30-day period, this case will be dismissed without prejudice for want of prosecution.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge