UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rico Isaih Hairston,                                 Case No. 3:19-cv-1042

         Plaintiff,

v.

                                             ORDER

Pettiway, et al.,

         Defendants.

Plaintiff Rico Isaih Hairston has filed a second motion seeking relief from judgment and to reopen this case. (Doc. No. 27). Defendants oppose Hairston's motion. (Doc No. 28). Hairston filed a brief in reply. (Doc. No. 29).

On September 22, 2020, I granted the motion of Defendants Pettiway and Bias to vacate the order granting permission to Hairston, who is *pro se*, to proceed with this case without prepaying the filing fee. (Doc. No. 18). I ordered Hairston to pay the full filing fee within 30 days of the date of the entry of my Memorandum Opinion and Order and warned him this case would be dismissed without prejudice for want of prosecution if he did not. (*Id.*). Hairston did not pay the filing fee within that deadline and I subsequently entered an order dismissing the case. (Doc. No. 21).

On April 27, 2021, approximately six months after the expiration of the deadline I set, Hairston filed a motion for leave to reopen the case. (Doc. No. 22). He asserted he had paid the filing fee in full and sought to proceed with his claims. The Clerk of Court's Office had no record of Hairston paying the full filing fee, nor did Hairston ever seek an extension of the deadline I set in September 2020. Further, Hairston offered no explanation why he did not pay the fee within the

required time period, much less good cause for his failure to comply with my September 22, 2020 order. On that basis, I denied Hairston's motion for leave to reopen this case. (Doc. No. 26).

Hairston again asserts he has paid the filing fee in full. He filed an inmate account statement from the Ohio State Penitentiary, where he currently is incarcerated, which states he does not owe any money to this Court. (Doc. No. 27-1). While I have no knowledge of the procedures the Ohio Department of Rehabilitation and Correction uses to maintain or update the information contained in the type of statement Hairston has filed, I have confirmed with the Clerk of Court that no funds have been transferred or submitted to this Court to satisfy Hairston's outstanding balance for his filing fee.

Further, as I previously stated, Hairston's failure to pay the filing fee was not the only reason for the dismissal of this case. Hairston did not comply with my September 22, 2020 order, seek an extension of the deadline I set in that order, or offer good cause for his failure to comply. While he now contends his failure to comply was a matter of excusable neglect because he is not an attorney, (Doc. No. 27 at 1), *pro se* plaintiffs still must "follow the Federal Rules of Civil Procedure and basic procedural obligations." *Allen v. Stark State Coll.*, Case No. 5:17-cv-2706, 2019 WL 3387772, at *7 (N.D. Ohio July 26, 2019) (citing *Fields v. Cnty. of Lapeer*, 238 F.3d 420, at *2 (6th Cir. Nov. 8, 2000) (unpublished table decision)). *See also Bell v. Wilson Cnty. Jail*, No. 3:18-CV-00873, 2019 WL 1958364, at *4 (M.D. Tenn. May 2, 2019), *report and recommendation adopted,* No. 3:18-CV-00873, 2019 WL 2501564 (M.D. Tenn. June 17, 2019) ("As the Sixth Circuit has recognized, pro se plaintiffs must comply with the Federal Rules of Civil Procedure.") (citing *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988); and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Rule 60(b) states "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

2

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Hairston fails to establish that his noncompliance with my earlier order was the result of excusable neglect, or any other reason described in Rule 60(b). Therefore, I deny his motion for relief from judgment and to reopen his case. (Doc. No. 27).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge